IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SUSAN ELLINGTON,

    Plaintiff,

    v.                       CV 617-072

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security,*

    Defendant.

**O R D E R**

Before the Court is Plaintiff's unopposed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 18.) Plaintiff seeks attorney's fees worth $8,526.58. (Id. at 2.) Plaintiff also requests that the EAJA fees be assigned and paid directly to Plaintiff's counsel and, in support, attaches a retainer agreement containing a clause that assigns Plaintiff's rights to any EAJA award to Plaintiff's counsel. (Id. at 3.) Defendant does not object to the hours or fees requested in this petition. (Id. at 1.)

The Court first addresses whether Plaintiff is entitled to attorney fees. "Under the EAJA, a party that prevails against

the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A "prevailing party" includes plaintiffs who win remand pursuant to sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. Newsome v. Shalala, 8 F.3d 775, 779 (11th Cir. 1993) (finding that "an EAJA application may be filed until 30 days . . . after the time for appeal has ended" and that "in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after entry of judgment" (internal quotations and citations omitted)).

First, the Court finds that Plaintiff is a prevailing party and that her request is timely. On May 17, 2017, Plaintiff filed a complaint in this Court requesting review of the Defendant's denial of her claim for disability benefits under the Social Security Act. (Doc. 1.) On March 1, 2018, the Magistrate Judge filed a Report and Recommendation ("R & R") recommending that the Court reverse and remand the Defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15.) On March 19, 2018, this Court adopted the R & R and the Clerk entered judgment in favor of Plaintiff, reversing and remanding the decision. (Docs. 16, 17.) On May 14, 2018, fewer

than 90 days after entry of judgment, Plaintiff filed the instant motion for attorney fees. (Doc. 18.)

Second, the Court finds that the government failed to substantially justify its position. While the R & R never explicitly states that the government's position was not substantially justified, the Magistrate Judge characterized the Defendant's decision as unsupported, unexplained, "hazy," and "surprising." (Id. at 6, 7, 10, 13.) Since the decision was "inconsistent" and failed to explain what reasoning or evidence supported denying benefits to Plaintiff, the Court finds that the government's position was not substantially justified. (Id. at 13-19).

Because Plaintiff is a prevailing party, the motion was timely filed, and the government's position was not substantially justified, Plaintiff is entitled to attorney fees under EAJA.

Having found that Plaintiff is entitled to attorney fees, the Court now determines whether the attorney's fees can be paid directly to Plaintiff's counsel. The text of 28 U.S.C. § 2412 is unambiguous: "[A]ttorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008). "[F]aced with petitions for EAJA awards accompanied by requests to honor assignments to litigants' attorneys," this Court has previously found that the proper course is to "award the EAJA fees directly

3

to [the litigant] as the prevailing party and remain silent regarding the direction of payment of those fees." Clover v. Colvin, CV 314-154, 2016 WL 4522661, at *2 (S.D. Ga. Aug. 29, 2016) (quoting Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011)).

Accordingly, the Court **GRANTS IN PART** Plaintiff's motion (doc. 18) and awards Plaintiff $8,526.58 for attorney fees. The Court **DENIES** Plaintiff's request that the fees be made payable to Plaintiff's counsel.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4