IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SUSAN ELLINGTON,                *
                                *
    Plaintiff,                  *
                                *
        v.                      *       CV 617-072
                                *
Andrew Saul,[1]                 *
Commissioner of Social          *
Security,                       *
                                *
    Defendant.                  *

**O R D E R**

Before the Court are Plaintiff Susan Ellington's motion for attorney's fees and amended motion for attorney's fees. (Docs. 20, 21.) The first motion is denied as moot, and the amended motion is granted for the following reasons.

Following this Court's reversal and remand to the Commissioner (Docs. 15, 16), Plaintiff was awarded approximately $111,766 in past-due benefits. (See Docs. 21-2, 21-3.) Plaintiff now seeks attorney's fees in the amount of $21,941.50 under 42 U.S.C. § 406(b)(1). She already sought and was awarded $8,526.58 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (See Docs. 18, 19.) Plaintiff states that Defendant

---

[1] Andrew Saul is the current commissioner of the Social Security Administration

does not oppose the motion, and the time for Defendant to respond has passed.

Section 406(b)(1) allows for a contingent fee award of up to twenty-five percent of the total past-due benefits a litigant is awarded from a judgment in his or her favor. An attorney who has already recovered fees under the EAJA may also recover under Section 406(b)(1) but must refund the lesser award to his or her client. See Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002); Brown v. Astrue, No. CV 411-152, 2014 WL 4928880, at *1 (S.D. Ga. Sept. 30, 2014.) (citing Gisbrecht). The fee must be reasonable. See 42 U.S.C. § 406(b)(1)(A).

Plaintiff's counsel spent approximately forty-three hours on her case. (See Doc. 21-6.) Plaintiff and her attorney agreed to a contingent fee of twenty-five percent of past-due benefits paid. (See Doc. 21-4.) Plaintiff's counsel requests $21,941.50, which is less than twenty-five percent of Plaintiff's award. Such an award would result in an effective hourly rate of around $510.27. Taking into account counsel's skill, time expended, and the risk involved with contingent fee arrangements, the Court finds such a rate reasonable. See Moore v. Berryhill, No. CV 115-074, 2018 WL 703295, at *2 (S.D. Ga. Jan. 12, 2018) (report and recommendation that effective hourly fee of $791.18 was reasonable), *report and*

*recommendation adopted by*, No. CV 115-074, 2018 WL 702821 (S.D. Ga. Feb 2, 2018).

Upon the foregoing, Plaintiff's motion for attorney's fees (Doc. 20) is **DENIED AS MOOT**, and Plaintiff's amended motion for attorney's fees (Doc. 21) is **GRANTED**. Plaintiff's counsel is further **ORDERED** to refund the EAJA award of $8526.58 to Plaintiff.

**ORDER ENTERED** at Augusta, Georgia this ___19th___ day of October, 2020.

```
                    _____
                    J. RANDAL HALL, CHIEF JUDGE
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF GEORGIA
```